Caroline P. TEASDALE, et al., Appellants

v.

Nicholas E. ALLEN, Appellee.

No. 85–771.

District of Columbia Court of Appeals.

Argued Oct. 9, 1986.
Decided Jan. 22, 1987.

---

Thomas B. Weaver, St. Louis, Mo., with whom Cornelius B. Kennedy, Washington, D.C., was on the briefs, for appellants.

David P. Durbin, with whom John T. Coyne, Washington, D.C., was on the brief, for appellee.

Before MACK, NEWMAN and STEADMAN, Associate Judges.

STEADMAN, Associate Judge:

This is a case alleging legal malpractice in drafting a will, brought by several disappointed allegedly intended beneficiaries.[1] The trial court granted the defendant drafting attorney's motion for summary judgment and dismissed the complaint with prejudice, on the ground that the plaintiffs "have no standing to bring this action for legal malpractice against defendant." Holding that the plaintiffs in fact do have standing, we reverse and remand.

The trial court accepted defendant's argument that in determining whether a plaintiff is an intended beneficiary and therefore has standing to bring a legal malpractice action, the court must look to the will to determine if "the testamentary intent expressed in the will is frustrated and the beneficiaries clearly designated by the testator lose their legacy due to such negligence," quoting from *Ventura County Humane Society for the Prevention of Cruelty to Children and Animals, Inc. v. Holloway,* 40 Cal.App.3d 897, 903, 115 Cal. Rptr. 464, 468 (1974). The court also referred to *Kirgan v. Parks,* 60 Md.App. 1, 478 A.2d 713 (1984).

However, these holdings sweep too broadly for purposes of determining standing in will malpractice cases brought within our jurisdiction. In *Needham v. Hamilton,* 459 A.2d 1060 (D.C.1983), an intended beneficiary brought suit against a drafting attorney who omitted from a will the testator's desired residuary clause leaving her residuary estate to the plaintiff. Although the plaintiff was named in the will as executor and as the recipient of certain specific legacies, nowhere was it indicated in the will who was to take the residuary estate, which therefore passed by intestacy. Nevertheless, we reversed the trial court's dismissal of the complaint, holding that a "direct and intended beneficiary" of the will may maintain a malpractice cause of action against the drafting attorney. Thus, we necessarily refused to adopt any per se rule that standing may be granted only to those whose precise status as intended beneficiaries can be discerned from the four corners of the will itself.

The trial court's ruling was based solely on standing, and we deal only with that issue. We say nothing here of questions of evidence and proof or of summary judgments based on such considerations. *Cf. Hamilton v. Needham,* 519 A.2d 172, 175 n. 7 (D.C.1986).

*Reversed and remanded.*

---

1. The plaintiffs are the only grandchildren of the testator. On December 9, 1980, testator executed a will drafted by the defendant in which he left all his residuary estate to his fourth wife if she survived him. If she predeceased him or they died in a common disaster, the residue was to go to the grandchildren. Testator and his fourth wife had married in 1978. Testator died in 1982, and 62 days later his widow also died. As a result, testator's residuary estate passed via his widow to her children by a prior marriage.