In the Matter of the ESTATE of Ernest W. WEBB, Deceased.

Nadine L. RAFFOUL, Personal Representative of the Estate of Ernest W. Webb, Deceased, Appellant/Cross–Appellee,

v.

Donnavin H. HIGGINS, Appellee/Cross–Appellant.

No. 75,721.

Court of Appeals of Oklahoma, Division No. 3.

Nov. 12, 1991.

Rehearing Denied Jan. 29, 1992.

Certiorari Denied June 24, 1992.

**3.** 11 O.S.1971 § 1751 et seq.

## MEMORANDUM OPINION

JONES, Judge:

Appellant, Nadine L. Raffoul, is the Personal Representative of the Estate of Ernest W. Webb, deceased. In this appeal she raises as error the action of the probate court confirming her sale of stock from the estate to pay estate taxes, while at the same time ordering her to re-acquire that stock.

Ernest W. Webb left a will naming Clara Lee Webb, his sister, as sole beneficiary and Personal Representative. Ms. Webb died and Mr. Webb's niece, Nadine Raffoul, was appointed Personal Representative. That appointment was appealed and has been affirmed by the Court of Appeals in Case No. 73,037. The Appellant in that case was the Personal Representative of Ms. Webb's estate, Donald P. Furgison.

Ernest Webb's will directed his debts, estate taxes and funeral expenses be paid from the property of his estate. He then left the residue and remainder of his estate to his sister, Clara Lee Webb. This will appointed Ms. Webb as his Personal Representative and gave her full power to sell and convey all his land and property as unlimitedly as he could if living, present and acting. Pursuant to this power, the substituted Personal Representative, Nadine Raffoul, sold 1,500 shares of Mobil stock on the New York Stock Exchange for $12.25 per share more than it was valued at the time of the testator's death. This sale netted $84,384.06 and estate taxes of $68,-720.75 were paid from this money.

The major thrust of this appeal is Appellee's theory that a Personal Representative has a fiduciary duty to protect residuary clause assets for the benefit of a person not named in the will he is administering. Appellee's theory is also premised upon the erroneous assumption that the stock was specifically devised. It was not. The stock was included in the residuary estate of Ernest W. Webb. Here, the beneficiary of the residuary clause, Clara Lee Webb, also left a will making a specific bequest of assets she was to receive from the residuary clause. The will of Clara Lee Webb which purported to leave the 4,200 shares of stock to Appellee, was under challenge by her heirs at the time this case was briefed. Clara's specific bequest is alleged to create the fiduciary duty to preserve the assets in the first estate so they can be distributed out of the second will.

Under the specific facts here, the theory would be applied as follows: Ernest Webb died leaving all of his estate to his sister in the residuary clause of his will. Among other assets, he owned 4,200 shares of Mobil stock. Clara Lee Webb died after Mr. Webb. Her will purported to leave Donnavin H. Higgins 4,200 shares of Mobil stock. This stock was still in the unprobated estate of Ernest Webb at the time of her death.

In the trial court's order confirming the sale of personal property, the court found the sale was legally conducted and the sum

received from the sale was not disproportionate to the value. Additionally, the court found that "in a will that is subject to contest" Donnavin H. Higgins is to receive all Mobil stock owned by Clara Lee Webb. That finding immediately precedes this statement:

"Therefore the Court finds that Higgins would be prejudiced by the sale of the Mobil stock in this estate in the event the will of Clara Lee Webb is upheld in the District Court of Grady County. The Court therefore finds and requires that Higgins not be required to bear the burden of the debts, estate taxes and other liability in this estate, and that therefore such liabilities are to be apportioned according to the value of the devises in the estate of Clara Lee Webb, and in the event prior to the distribution of this estate, there should be a deficiency of Mobil Oil Company stock to fund the provisions of the Last Will and Testament of Clara Lee Webb, deceased, less his proportionate share of estate taxes, debts and costs of administration in this estate, the Personal Representative will be required to repurchase sufficient stocks to accommodate this purpose."

It thus appears the trial court apportioned the liabilities of the Ernest Webb estate according to the value of the specific devises in the Clara Lee Webb estate. Despite the fact that the stock sale was confirmed, the trial court ordered the Personal Representative to re-acquire the stock.

The Appellant's argument on appeal is that the Personal Representative was authorized to sell the stock without prior court approval. Secondly, the Personal Representative With Will Annexed had the same authority to sell as the named Personal Representative. Thirdly, all residuary assets were subject to the payment of the estate's obligations. These points are well taken.

█ The provisions of 58 O.S.1981 § 462 [1] state when the will authorizes the Executor to sell property he may do so on such basis and terms as he may determine. Title 58 O.S.1981 § 428 uses the mandatory

term "must" in directing the court to confirm the sale if it was: (1) legally made and fairly conducted; (2) the sum bid was not disproportionate to the value; and, (3) a greater sum could not be obtained. There was no increased bid, so the fourth condition is not germane to this appeal. The Personal Representative was authorized to sell the stock. There is no question but that the price was fair, and inasmuch as it was sold on the New York Stock Exchange, at the time of sale it could not have been sold for a greater sum.

█ The Personal Representative With Will Annexed was appointed because the only person named in the will died. The Appellant was then appointed. As provided in 58 O.S. § 109, she has the same power as the original Executrix and thus had the power to sell the stock. *O'Neal v. James*, 312 P.2d 889 (Okl.1957).

The sale of assets from the residuary bequest was properly resorted to under the provisions of 84 O.S.1981 § 3:

The property of a testator, except as otherwise especially provided in this code and in the chapter on civil procedure must be resorted to for the payment of debts in the following order:

1. The property which is expressly appropriated by the will for the payment of the debts.

2. Property not disposed of by the will.

3. Property which is devised or bequeathed to a residuary legatee.

4. Property which is not specifically devised or bequeathed, and,

5. All other property ratably. Before any debts are paid, the expenses of the administration and the allowance to the family must be paid or provided for.

The last paragraph of § 3 above requires ratable taking of property not in the first four paragraphs when resort is had to that clause for payments of debts of the estate. Note that ratable taking is not specified in Subsection 3. Thus, there is no express requirement for ratable taking of property devised to a residuary legatee. Secondly, the property must be resorted to in the

---

**1.** Since amended. See 58 O.S.Supp.1989 § 462.

order specified. Here, there is no express appropriation of property for payment of debts nor is there any property not disposed of by will. Therefore, the residuary property is the proper class to be appropriated for payment of debt and there is no requirement of ratable taking from that class. This provision is mandatory in the absence of clear contrary testamentary intent. *Tapp v. Mitchell,* 352 P.2d 900 (Okl. 1960).

■ The Appellee/Cross–Appellant, Higgins, presents his briefs in combined form in four arguments. Each will be discussed in the order presented in the briefs. The first error alleged is the trial court committed error in confirming the sale of stock. It is alleged that the Personal Representative ignored 58 O.S.1961 § 463 which provides that property not devised or disposed of by will should be appropriated and disposed of to pay the expenses of administration. This statute is wholly inapplicable because in the estate of Ernest Webb, all property was disposed of. Central to this argument, and the entire appeal, is Appellee/Cross–Appellant's assertion that the Personal Representative of Ernest Webb violated the statute and breached her fiduciary duty by selling the stock specifically devised by Clara Webb. These are two separate estates. Clara Webb's attempt to specifically devise an asset she does not own does not create a duty on the part of Ernest Webb's Personal Representative to ignore the clear and unambiguous language in Ernest Webb's will simply because the asset in question was once a part of the residuary estate devised to Clara Webb. In all the authority provided by the Appellee/Cross–Appellant, there is no indication of fiduciary duty extending to those not interested in the estate of the decedent. We decline to extend the fiduciary duty owed by a Personal Representative further than the estate they are administering and to those directly interested in that estate. Indeed the only persons who are properly heard to object to the confirmation are those interested in the estate being probated. 58 O.S.1981 § 427 reads as follows:

When return of the sale is made and filed, any person interested *in the estate* may file written objection to the confirmation thereof, and may be heard thereon when the return is heard by court or judge, and may produce witnesses in support of his objection. (E.A.)

■ Secondly, Higgins argues that Nadine Raffoul had no authority to sell the stock because her appointment as Personal Representative was on appeal in Cause No. 73,037 at that time and not yet ruled upon. The authority for this proposition is given as 58 O.S.1981 § 731. This statute provides that an appeal from an appointment as Personal Representative does not stay the issuance of Letters of Administration. The statute then proceeds:

"... but the Letters so issued do not confer power to sell real property by virtue of any provision of the will, or to pay or satisfy legacies or to distribute the property of the decedent among the next of kin until final determination of the appeal."

This statute does not support Appellee/Cross–Appellant's broad assertion that the statute withholds the power of sale from the Personal Representative during the appeal. The statute's prohibition is limited to the sale of real estate. The objection here made is to the sale of personal property. The statute does not support the argument made under it. This argument, as well as the third point of error, raised by Cross–Appellant, Higgins, is now moot.

■ The third point of error is the allegation the trial court erred in ordering a partial distribution of the property of the estate pending the appeal of the issuance of Letters of Administration under the authority of the last mentioned statute. The issuance of these Letters has been affirmed in Cause No. 73,037. The affirmance on appeal of the issuance of the Letters of Administration rendered the District Court's order effective just as if no appeal had been taken. Thus the affirmance renders moot any question of the validity of the administrator's act. *Williams v. Williams,* 322 P.2d 645 (Okl.1958).

■ Cross–Appellant's fourth proposition asserts the trial court erred in allowing the estate taxes and administrative ex-

penses to be paid out of Appellees specific bequest in the Clara Webb estate. The error in this proposition has been discussed above. The simple answer to this proposition is found in Appellee/Cross–Appellant's citation of 58 O.S.1981 § 463, to the effect that the general residual estate is responsible for expenses of administration. Higgins' argument that 38 O.S. §§ 471 and 472 are applicable here, fails for reasons previously outlined. That is, the ability of these statutes to support Higgins' propositions requires this Court to ignore the fact that the specific devise of the stock is made in a testamentary document, one that is a stranger, so to speak, to the probate of this Will.

Accordingly, the trial court is affirmed in all respects except one. The trial court's order that the Mobil stock be repurchased is erroneous and in direct violation of the discretion given the Personal Representative by the will of Ernest Webb. The direction to repurchase the Mobil stock is vacated and the cause is remanded for further proceedings not inconsistent with this opinion.

AFFIRMED IN PART; VACATED IN PART AND REMANDED FOR FURTHER PROCEEDINGS.

HANSEN, P.J., and HUNTER, C.J., concur.