2002 OK 66

**Aleecia LEAK–GILBERT and Dolcie Leak, Plaintiffs,**

v.

**Pauline FAHLE, Defendant.**

No. 97,540.

Supreme Court of Oklahoma.

July 16, 2002.

Timothy A. Heefner, Kirk Olson, Oklahoma City, Oklahoma, for Plaintiffs.

John B. Hayes, Robert D. Dennis, Oklahoma City, Oklahoma, for Defendant.

KAUGER, J:

¶ 1 We are asked to answer two questions: 1) whether, in the absence of a specific request by the client, an attorney owes a duty to the client or to the beneficiaries named in the client's will to conduct an investigation into the client's heirs independent of, or in addition to, the information provided by the client; and 2) whether the residual beneficiaries under a decedent's will have a cause of action for legal malpractice against the attorney who drafted the will under a theory of

negligence or breach of contract when the will fails to identify all the decedent's heirs? We hold that: 1) when an attorney is retained to prepare a will, the attorney's duty to prepare the will according to the testator's wishes does not ordinarily include an investigation of a client's heirs independent of, or in addition to, the information provided by the client, unless the client requests such an investigation; and 2) an intended will beneficiary may maintain a legal malpractice action under either negligence or contract theories against the drafter when the will fails to identify all the decedent's heirs as a result of the attorney's substandard professional performance.

## FACTS

¶ 2 This cause concerns a dispute over the will of a widower, Edward Leak (Mr. Leak/decedent), which was executed in Taloga, Oklahoma, on February 4, 1997. In early 1997, Mr. Leak hired the defendant, Pauline Fahle (Fahle/lawyer) to update his will. According to the lawyer, Mr. Leak gave her a copy of his existing will. He told her that he wanted to change his personal representative to his daughter-in-law, Jolene Leak, the wife of his deceased son, and that he also wanted her to receive his gun collection.

¶ 3 The lawyer insists that Mr. Leak identified his only heirs as the children of his deceased son (Alvin Troy Leak), Alvin James Leak, and the plaintiffs, Aleecia Leak–Gilbert and Dolcie Leak (beneficiaries). Mr. Leak also informed the lawyer that he wanted to disinherit the grandson. Consequently, the lawyer prepared a will, made Mr. Leak's requested changes and left the grandson one dollar and gave the granddaughters equal shares of the remainder of his estate.[1]

¶ 4 After the Mr. Leak died in December of 1999, the will was submitted for probate. The probate proceeding revealed that Mr. Leak had four additional grandchildren by another deceased son, Clifford Wayne Leak, who were not mentioned in Mr. Leak's will. Consequently, the probate court treated the grandchildren as unintentionally omitted heirs, and it divided the estate among the grandchildren as if the decedent had died intestate.[2]

¶ 5 On June 22, 2001, the beneficiaries filed a legal malpractice action in federal district court against Fahle, asserting that she was negligent, and that she had breached the contract with the decedent because she failed to properly prepare his will according to his intentions. The beneficiaries allege that Fahle did not complete an investigation into the existence of the decedent's children or grandchildren. They insist that Fahle should have reviewed all of the files of her sister—the lawyer who had probated decedent's wife's will in 1989 which would have disclosed the omitted grandchildren.

¶ 6 The lawyer answered the beneficiaries' complaint and insisted that, while her sister may have handled the probate of the decedent's wife, she died in 1990 and she and her sister never practiced law together. She did admit that they shared an office space for a very short period prior to her sister's death, and that her sister's files remain stored in the office building.

¶ 7 On December 6, 2001, the lawyer moved for summary judgment. Recognizing that state law is determinative of Fahle's liability and that Oklahoma has not addressed the precise issue presented, but that

1. The will provides in pertinent part:
"... I direct that my Personal Representative sell all real property and personal property that I own in the state of Oklahoma, under Order of the Court, and that the proceeds, after all expenses are paid, be divided as follows:
  1. Alvin James Leak, grandson—$1.00;
  2. Alee Leak, grand-daughter—one-half (½) of the remaining proceeds, including the sale of real and personal property, cash and contracts of sale.
  3. Dolcie Leak, grand-daughter—one-half of remaining proceeds, including sale of real and personal property, cash and contracts of sale...."

2. Title 84 O.S.2001 § 132 provides:
"When any testator omits to provide in his will for any of his children, or for the issue of any deceased child unless it appears that such omission was intentional, such child, or the issue of such child, must have the same share in the estate of the testator, as if he had died intestate, and succeeds thereto as provided in the preceding section."

a split of authority exists in other states,[3] the federal court certified questions to this Court pursuant to the Uniform Certification of Questions of Law Act. 20 O.S.2001 § 1601 et seq. on April 2, 2002. We set a briefing cycle which was completed on May 14, 2002.

## I.

¶ 8 WHEN AN ATTORNEY IS RE-TAINED TO PREPARE A WILL, THE ATTORNEY'S DUTY TO PRE-PARE THE WILL ACCORDING TO THE TESTATOR'S WISHES DOES NOT ORDINARILY INCLUDE AN INVESTIGATION OF A CLIENT'S HEIRS INDEPENDENT OF, OR IN ADDITION TO, THE INFORMATION PROVIDED BY THE CLIENT, UN-LESS THE CLIENT REQUESTS SUCH AN INVESTIGATION.

¶ 9 The beneficiaries assert that an attorney's duty when preparing testamentary documents includes: 1) inquiring into the client's heirs at law; 2) offering a proper explanation and advising the client as to what is meant by heirs at law and the significance of including all heirs at law in a will; and 3) confirming the heir information by conducting an investigation into a client's heirs independent of, or in addition to, the information provided by the client, even when not requested to do so. The beneficiaries offer no authority recognizing such a duty.[4]

¶ 10 The lawyer does not dispute that the drafter of a will has a duty, absent a specific request by the client, to inquire, explain, or advise a client regarding heirs at law. Rather, she argues that the lawyer has no duty to confirm the client's information by conducting an independent investigation into the client's heirs. The lawyer cites to *Stangland v. Brock*, 109 Wash.2d 675, 747 P.2d 464 and *Leavenworth v. Mathes*, 38 Conn.App. 476, 661 A.2d 632 as persuasive authority in support of her argument.

¶ 11 Lawyers are required to exercise ordinary professional skill and diligence in rendering their professional services.[5] Accompanying every contract is a common-law duty to perform with care, skill, reasonable experience and faithfulness the thing agreed to be done.[6] Duty of care is a question of law described as the total of policy considerations which lead to the conclusion that the plaintiff is entitled to protection.[7] If a duty exists, the trier of fact then determines whether a violation of that duty has occurred.[8]

¶ 12 In *Stangland v. Brock*, supra, an attorney drafted a will for a client leaving all of the client's real property to certain beneficiaries. Three years later, the client sold the real property and another attorney in the same firm prepared the real estate contract. The sale of the real property affected the disposition of the estate. After the testator died, the beneficiaries brought legal malprac-

---

3. See generally, Annot., "What Constitutes Negligence Sufficient to Render Attorney Liable to Person other than Immediate Client," 61 A.L.R.4th 464 (1988).

4. The only authority offered by the beneficiaries is that: 1) the Oklahoma Uniform Jury Instructions define the duty of an attorney as possessing the degree of knowledge and ability ordinarily possessed by other members of that profession and exercising ordinary care, skill, diligence, and knowledge in the performance of service; 2) *Hesser v. Central Nat'l Bank & Trust Co. of Enid*, 1998 OK 15, ¶ 16, 956 P.2d 864 provides that a will drafting attorney is under a common law duty to perform with care, skill, reasonable expediency, and faithfulness; and 3) *Miller v. Dobbs*, 1937 OK 500, ¶ 5, 71 P.2d 737 provides that whether ordinary care has been exercised in a given case is a question of fact to be determined by the jury.

5. See, *Norton v. Hughes*, 2000 OK 32, ¶ 12, 5 P.3d 588 [Duty to see rights protected as fully as possible under the prevailing circumstances within the bounds of common sense and proper professional practices.]. See also, *Vanguard Production, Inc. v. Martin*, 894 F.2d 375, 378 (1990) [workmanlike duty]; *Wabaunsee v. Harris*, 1980 OK 52, ¶ 12, 610 P.2d 782; *Birchfield v. Harrod*, 1982 OK CIV APP 2, ¶ 32, 640 P.2d 1003.

6. *Lewis v. Farmers Ins. Co., Inc.*, 1983 OK 100, ¶ 5, 681 P.2d 67; *Keel v. Titan Constr. Corp.*, 1981 OK 148, ¶ 14, 639 P.2d 1228.

7. *Delbrel v. Doenges Bros. Ford, Inc.*, 1996 OK 36, ¶ 7, 913 P.2d 1318; *Wofford v. Eastern State Hospital*, 1990 OK 77, ¶ 10, 795 P.2d 516.

8. *Salazar v. City of Oklahoma City*, 1999 OK 20, ¶ 20, 976 P.2d 1056; *Malson v. Palmer Broadcasting Group*, 1997 OK 42, ¶ 12, 936 P.2d 940.

tice actions against the attorneys asserting that both attorneys, at the time the real estate contract was drafted, had a duty to advise the client that the sale of the property could affect his estate plan.

¶ 13 The *Stangland* court determined that holding attorneys to such a duty would expand the obligation of a lawyer who drafts a will beyond reasonable limits. It recognized that the time and expense which would be required for the attorney to monitor the testator's activities with respect to his property would prevent the attorney from providing reliable and economical services, and that it would constitute an overwhelming burden on the attorney's practice as a whole. Additionally, holding the attorney to such a duty would place an unreasonable burden on the attorney, would markedly increase the cost of providing legal services, and would impute knowledge of the contents of the client's will.

¶ 14 In *Leavenworth v. Mathes*, supra, an attorney drafted a will pursuant to the client's wishes which included the distribution of certain assets. When the testator died, the assets of the estate were insufficient to satisfy the specific bequests to the beneficiaries. The beneficiaries brought a negligence action against the attorney. The court held that an attorney owes no duty to will beneficiaries to ensure the existence of testamentary assets when drafting a will. It recognized that although court have allowed intended beneficiaries to maintain a cause of action against attorneys who fail to draft a will in conformity, with a client's wishes, the malpractice claims always focus on errors in the drafting and execution of the will rather than misinformation from clients.

■ ¶ 15 The reasoning behind *Stangland* and *Leavenworth*, applies here, where it appears that the attorney may have been given incomplete or inaccurate information.[9] We agree with the beneficiaries that when an attorney is hired to prepare a will, the attorney's obligation is to: 1) inquire into the client's heirs at law; 2) offer a proper explanation; 3) advise the client as to what is meant by heirs at law; 4) explain the significance of including all heirs at law in a will; and 5) prepare a will according to the client's directions.

■ ¶ 16 However, to hold that an attorney has a duty to confirm heir information by conducting an investigation into a client's heirs independent of, or in addition to, the information provided by the client, even when not requested to do so, would expand the obligation of the lawyer beyond reasonable limits. The duty between an attorney and third persons affected by the attorney-client agreement should not be any greater than the duty between the attorney and the client. Although some exceptional circumstances might exist which would give rise to such a duty, none are present here. Consequently, we hold that, unless the client requests such an investigation, when an attorney is retained to draft a will, the attorney's duty to prepare a will according to the testator's wishes does not include the duty to investigate into a client's heirs independent of, or in addition to, the information provided by the client.

---

9. See also, *Pizel v. Zuspann*, 247 Kan. 699, 803 P.2d 205, 206 (1990) [Settlor's attorney did not have continuing duty to assure settlor's intentions were carried out and did not have an obligation to periodically check to assure trust was in operation according to settlor's wishes]; *Davis v. Somers*, 140 Or.App. 567, 915 P.2d 1047, 1049 (1996) [Attorney had no duty to periodically review will client had approved, absent specific request by client to do so.]; *Anderson v. McBurney*, 160 Wis.2d 866, 467 N.W.2d 158, 160 (1991) [Attorneys were not liable for negligently investigating heirship.]; *Lovett v. Estate of Lovett*, 250 N.J.Super. 79, 593 A.2d 382, 386 (1991) [Attorney's failure to refuse to proceed with drafting of will or to have testator psychiatrically examined before proceeding did not constitute malpractice nor was attorney required to meet with testator outside the presence of the testator's wife.]. Courts have also held that an attorney does not owe a duty to the beneficiaries for the negligent delay in the execution of the estate planning documents. *Gregg v. Lindsay*, 437 Pa.Super. 206, 649 A.2d 935 (1994) [A would be beneficiary could not pursue an action against attorney as third party beneficiary based upon failure to execute new will prior to testator's death.]; *Krawczyk v. Stingle*, 208 Conn. 239, 543 A.2d 733, 736 (1988) [Attorney not liable to third parties for alleged negligent delay in execution of estate planning documents.].

## II.

¶ 17 AN INTENDED WILL BENEFICIA-
RY MAY MAINTAIN A LEGAL MAL-
PRACTICE ACTION UNDER NEGLI-
GENCE OR CONTRACT THEORIES
WHEN THE WILL FAILS TO IDEN-
TIFY ALL THE DECEDENT'S
HEIRS AS A RESULT OF THE AT-
TORNEY'S SUBSTANDARD PRO-
FESSIONAL PERFORMANCE.

¶ 18 The beneficiaries argue that: 1) liability for legal malpractice should extend to intended beneficiaries of a will when the will does not carry out the testator's expressed intent and does not identify all of the decedent's heirs; and 2) Oklahoma should follow the majority rule allowing intended beneficiaries to assert malpractice claims based on contract or tort theories of recovery. The lawyer concedes that an attorney could be guilty of malpractice if the client revealed necessary heirship information and the attorney failed to include it in the will. Nevertheless, she asserts that if the client fails to fully and accurately disclose his/her heirs, no malpractice action exists.

¶ 19 We note at the outset that the trial court must resolve the disputed fact questions which exist regarding whether the client disclosed all of his heirs and whether the lawyer: 1) inquired into the client's heirs at law; and 2) offered a proper explanation and advised the client as to what is meant by heirs at law and the significance of including all heirs at law in a will. Nevertheless, the question remains whether liability may be extended to will beneficiaries and under what theory they may assert their cause of action.[10]

¶ 20 Accompanying every contract is a common law duty to perform the contract with care, skill, reasonable experience and faithfulness the thing agreed to be done. A negligent failure to perform these duties is a tort and a breach of contract.[11] An action for breach of contract and an action in tort may arise from the same set of facts.[12] At common law, privity of contract was required before a tort action could arise from a breach of duty created by contract—ie. limiting liability to contracting parties.[13] However, liability for negligent breach of a contract with a third party is not necessarily dependent upon a pre-existing privity in legal relationship between the person injured and the person causing the injury.[14]

¶ 21 This Court has previously addressed the extension of an attorney's liability, in the absence of privity, to third party, non-client, will beneficiaries in *Hesser v. Central National Bank & Trust Co. of Enid*, 1998 OK 15, 956 P.2d 864. In *Hesser*, we held that a will beneficiary could maintain a negligence action against an attorney for failure to have the will properly executed.

¶ 22 *Hesser* involved an attorney who prepared a will for a client and then failed to properly execute the will. In the probate proceeding, the heirs at law contested the

---

10. We do not address whether beneficiaries may maintain a legal malpractice action against the attorney who represents the estate or a third party, non-beneficiary. See, e.g., *Barner v. Sheldon*, 292 N.J.Super. 258, 678 A.2d 767, 771 (1995) [Attorney owed no duty to beneficiaries to inform them of their right to disclaim their share of estate which would have resulted in tax avoidance or diminution where beneficiaries' interest was adversarial to testator's expressed intent.]; *Schmitz v. Crotty*, 528 N.W.2d 112, 117 (Iowa 1995) [In suit brought by beneficiaries of estate's attorney for legal malpractice the court held that the attorney breached duty of care in handling estate tax returns.]; *Holsapple v. McGrath*, 521 N.W.2d 711, 712–13 (Iowa 1994) [Third party alleging legal malpractice in preparation of nontestamentary instrument can recover by establishing that third party was specifically identified by grantor as object of grantor's intent and that expectancy was lost or diminished as a result of professional negligence.]; *Hopkins v. Akins*, 637 A.2d 424 (D.C.1993) [Beneficiary of estate may not sue the attorney of the personal representative for negligence.].

11. *Lewis v. Farmers Ins. Co., Inc.*, see note 6, supra; *Keel v. Titan Constr. Corp.*, see note 6, supra.

12. *Great Plains Federal Savings & Loan Association v. Dabney*, 1993 OK 4, ¶ 7, 846 P.2d 1088; *Flint Ridge Dev. v. Benham–Blair & Affiliates*, 1989 OK 48, ¶ 7, 775 P.2d 797; *Keel v. Titan Constr. Corp.*, see note 6, supra.

13. *Boren v. Thompson & Associates*, 2000 OK 3, ¶ 22, 999 P.2d 438.

14. *Id.; Keel v. Titan Construction Corp.*, see note 6, supra.

will, arguing that it was not properly executed. Subsequently, the matter was settled by agreement. Nevertheless, one of the beneficiaries under the will brought a legal malpractice action, asserting that the attorney was negligent in failing to properly execute the will. It was uncontested that the plaintiff was a third-party beneficiary to the agreement.

¶ 23 The *Hesser* Court recognized that: 1) as part of the agreement to prepare the will, the attorney was under a common law duty to perform with care, skill, reasonable expediency and faithfulness to properly execute the will; and 2) a duty created by a contract may be extended to a third party when the contract is made expressly for the benefit of a third-party, non-client beneficiary and the

harm to the beneficiary is foreseeable. The Court determined that intended beneficiaries of a will could maintain an action against the lawyer because, as a matter of law, it was foreseeable that an intended beneficiary under the terms of a will could be harmed by an attorney's failure to have the will properly executed.

¶ 24 A few jurisdictions refuse to allow non-client, intended beneficiaries to bring such malpractice actions.[15] However, our decision in *Hesser* is in accord with the majority of jurisdictions which recognize that intended beneficiaries harmed by a lawyer's malpractice may maintain a cause of action against lawyers who draft testamentary documents even though no attorney-client relationship exists.[16] Some of these courts have

15. A few jurisdictions retain the rule that, absent fraud, collusion or malice, an attorney is not liable to a non-client for harm caused by the attorney's negligence in the drafting of a will or planning an estate. See, *Miller v. Mooney*, 431 Mass. 57, 725 N.E.2d 545 (2000) [Testatrix's children could not enforce any contract between testatrix and attorney as third party beneficiary and the attorney owed the children no duty of care.]; *McDonald v. Pettus*, 337 Ark. 265, 988 S.W.2d 9 (1999) [Children of testator did not satisfy privity requirements of lawyer immunity statute and could not bring a third party beneficiary legal malpractice claim against will drafting attorney.]; *Nevin v. Union Trust Co.*, 1999 ME 47, 726 A.2d 694, 700 (1999) [Individual beneficiaries do not have standing to sue estate planning attorney for malpractice when they are not the client who retained the attorney and when the estate is represented by a personal representative who stands in the shoes of the client.]; *Noble v. Bruce*, 349 Md. 730, 709 A.2d 1264, 1276 (1998) [Absence of privity precluded beneficiaries' actions against attorney who drafted will particularly where no evidence contradicts the supposition that the purpose of the contractual relationship was to benefit the testator, not beneficiary.]; *Barcelo v. Elliott*, 39 Tex. Sup.Ct.J. 607, 923 S.W.2d 575, 577 (1996) [Attorney owes no professional duty of care to trust beneficiaries.]; *Glover v. Southard*, 894 P.2d 21, 23–24 (Colo.App.1994) [In action against will drafting attorney for failure to revise will, attorney owed no duty or contractual duty to residual beneficiary.]; *Copenhaver v. Rogers*, 238 Va. 361, 384 S.E.2d 593, 597–98 (Va.1989) [Grandchildren, remaindermen under grandparents' testamentary trust, were precluded from bringing a legal malpractice action in tort for negligent performance of legal services, absent privity, or an intended third-party beneficiary claim absent allegations that they were the intended beneficiaries of contract.]; *Simon v. Zipperstein*, 32 Ohio St.3d 74, 512 N.E.2d 636, 638 (1987) [Will bene-

ficiary was not in privity with attorney preparing will and thus did not have standing.]; *Lilyhorn v. Dier*, 214 Neb. 728, 335 N.W.2d 554, 555 (1983) [Attorney's duty does not extend to heir who was not client]; *St. Mary's Church of Schuyler v. Tomek*, 212 Neb. 728, 325 N.W.2d 164, 165 (1982) [Attorney who prepared will had no duty to purported beneficiaries of the will.]; *Spivey v. Pulley*, 138 A.D.2d 563, 526 N.Y.S.2d 145, 146 (1988) [Privity of contract is lacking.]; *Conti v. Polizzotto*, 243 A.D.2d 672, 663 N.Y.S.2d 293 (1997) [Beneficiaries are not in privity with will drafting attorney.]; *Wright v. Gundersen*, 956 S.W.2d 43 (Tex.App.1996) [Attorney-client relationship did not exist between attorney and testator's daughter, as required to bring negligence claim against attorney and daughter lacked standing to assert a breach of contract claim against attorney.].

16. *Blair v. Ing*, 95 Hawai'i 247, 21 P.3d 452, 463 (2001) [Where relationship between attorney and beneficiaries of trust was such that duty of care would be recognized, the beneficiaries could proceed under either negligence or contract theories.]. *Powers v. Hayes*, 776 A.2d 374, 375 (Vt. 2001) [Fact questions concerning causation precluded summary judgment against testator's daughter who brought legal malpractice action against the attorney who drafted testator's will for failing to advise testator that changes to IRA beneficiary are not controlled by the will.]; *Mieras v. DeBona*, 452 Mich. 278, 550 N.W.2d 202 (1996) [Beneficiary named in will may bring tort-based action against attorney who drafted will for negligent breach of standard of care owed to beneficiary by nature of beneficiary's third-party status.]; *Simpson v. Calivas*, 139 N.H. 1, 650 A.2d 318, 322 (1994) [Duty runs from attorney to intended beneficiary of will and an identified beneficiary may enforce the terms of the testator's contract with the attorney as third party

recognized such actions as negligence actions,[17] while others have determined that in an intended will beneficiary may proceed under either negligence or contract theories.[18]

beneficiary.]; *McLane v. Russell,* 131 Ill.2d 509, 137 Ill.Dec. 554, 546 N.E.2d 499, 501–502 (1989) [A non-client beneficiary may maintain a negligence action against an attorney only when non-client can show that he was primary intended beneficiary of attorney-client relationship.]; *Walker v. Lawson,* 526 N.E.2d 968 (1988) [An action lies by a beneficiary under a will against the attorney who drafted that will on the basis that the beneficiary is a known third party.]; *Schreiner v. Scoville,* 410 N.W.2d 679, 682 (1987) [A lawyer owes a duty of care to the direct, intended, and specifically identifiable beneficiaries of the testator as expressed in the testator's testamentary instruments.] *Hale v. Groce,* 304 Or. 281, 744 P.2d 1289, 1292 (1987) [Intended beneficiary of lawyer's promise to client to include beneficiary within will may enforce contractual duty created and because contract created a duty not only to client, but also to intended beneficiary, negligent nonperformance may give rise to negligence action.]; *Stangland v. Brock,* 109 Wash.2d 675, 747 P.2d 464, 467–68 (1987) [A cause of action can exist under either negligence or third party beneficiary contract, but attorney's conduct did not fail to conform to applicable standard of care.]; *Ogle v. Fuiten,* 102 Ill.2d 356, 80 Ill.Dec. 772, 466 N.E.2d 224, 226 (1984) [A non-client may maintain either a negligent action or third party breach of contract action.]; *Needham v. Hamilton,* 459 A.2d 1060 (D.C.1983) [Intended beneficiary of a will may have a malpractice cause of action against drafting attorney for negligence.]; *Guy v. Liederbach,* 501 Pa. 47, 459 A.2d 744, 746 (1983) [While privity is required to maintain an action in negligence for professional malpractice, a named legatee of a will may bring suit as an intended third party beneficiary of the contract between the attorney and the testator for the drafting of a will which specifically names the legatee as a recipient of all or part of estate.]; *Auric v. Continental Casualty Co.,* 111 Wis.2d 507, 331 N.W.2d 325, 328 (1983) [A beneficiary may maintain an action against an attorney who negligently drafted or supervised execution of a will even though the beneficiary is not in privity with that attorney.]; *Stowe v. Smith,* 184 Conn. 194, 441 A.2d 81, 83 (1981) [Beneficiary of will claim against attorney who drafted will which alleged will contained significant mistakes stated a cause of action as third party beneficiary of contract.]; *Lucas v. Hamm,* 56 Cal.2d 583, 15 Cal.Rptr. 821, 364 P.2d 685, 688–89 (1961), *cert. denied,* 368 U.S. 987, 82 S.Ct. 603, 7 L.Ed.2d 525 (1962) [Intended beneficiaries who lost testamentary rights because of failure of attorney could assert tort or contract claim against attorney.]; *Passell v. Watts,* 794 So.2d 651 (Fl.App.2001) [Intended residual beneficiaries of testamentary documents have standing to bring an action for legal malpractice if they are able to show that the testator's intent as expressed in the will is frustrated by the negligence of the testator's attorney.];

*Francis v. Piper,* 597 N.W.2d 922, 924 (Minn. App.1999) [In limited cases, an attorney is liable to a non-client third party if the client's sole purpose in retaining an attorney is to provide a benefit directly to the third party.]; *Johnson v. Sandler, Balkin, Hellman & Weinstein,* 958 S.W.2d 42, 49 (Mo.App.1997) [A legal duty is owed by an attorney to a non-client who was the intended beneficiary of a will or trust, but fact issue existed as to whether the attorney was retained to benefit beneficiaries.]; *Teasdale v. Allen,* 520 A.2d 295 (D.C.App.1987) [Allegedly intended beneficiaries had standing to bring legal malpractice action.]; *Woodfork v. Sanders,* 248 So.2d 419, 425 (La.App.1971) [Universal legatee was not precluded from maintaining an action against attorney on theory of lack of privity.]; *Licata v. Spector,* 26 Conn.Supp. 378, 225 A.2d 28, 30 (1966) [Beneficiaries under a will which was invalid for lack of statutory requisites of attesting witnesses may maintain a negligence action against attorney drafting will.]; See also, *Persche v. Jones,* 387 N.W.2d 32, 35 (S.D.1986) [Based on rule that beneficiary actions exist under either third party or tort theories against the attorney responsible for drafting a defective testamentary instrument, a non-attorney banker who assists decedent in drafting will owes duty of care.]; *Rathblott v. Levin,* 697 F.Supp. 817, 819 (D.N.J.1988) [Will drafting attorney could be liable to beneficiary despite lack of privity.]; *Wisdom v. Neal,* 568 F.Supp. 4, 7 (D.N.M.1982) [No attorney-client relationship was necessary to permit heirs to maintain action that attorney owed a duty of care to heirs.]. Some courts have implied that a cause of action might exist, but determined that under the facts, such an action would be barred by the statute of limitations. See, *Hargett v. Holland,* 337 N.C. 651, 447 S.E.2d 784, 786 (1994) [Beneficiary suit against attorney for negligent will drafting was barred by statute of limitations.]; *Jaramillo v. Hood,* 93 N.M. 433, 601 P.2d 66, 67 (1979) [Recognizing that beneficiary may have a cause of action for negligence in will drafting as well as seeing to its proper execution, but under facts of case, the action was barred by statute of limitations.]; *Riser v. Livsey,* 138 Ga. App. 615, 227 S.E.2d 88 (1976) [An action for damages by beneficiary against attorney who drafted will was barred by statute of limitation.].

**17.** See, *Powers v. Hayes,* see note 16, supra; *Schreiner v. Scoville,* see note 16, supra; *Needham v. Hamilton; Auric v. Continental Casualty Co.,* see note 16, supra; *Mieras v. DeBona,* see note 16, supra.

**18.** *Blair v. Ing,* see note 16, supra; *Simpson v. Calivas,* see note 16, supra; *Hale v. Groce,* see note 16, supra; *Ogle v. Fuiten,* see note 16, supra. Pennsylvania allows named beneficiaries under a will to assert an action in assumpsit

Those allowing an intended beneficiary of a will to assert a third party breach of contract theory generally recognize that when such a breach occurs, named intended beneficiaries of a will also hold third party beneficiary status under the agreement between the testator and the attorney to draft a will according to the testator's wishes.[19]

¶ 25 We have not previously determined whether a non-client, third party, such as an intended beneficiary of a will, is limited to asserting a legal malpractice action based on a negligence theory of recovery or whether breach of a third party intended beneficiary contract theory may alternatively be asserted. However, in *Great Plains Federal Savings and Loan Association v. Dabney*, 1993 OK 4, 846 P.2d 1088, we addressed third party beneficiary breach of contract actions in the context of an attorney and a non-client. *Dabney* involved a bank which asserted that its mortgagee had allegedly contracted with an attorney to search records of the county clerk and that it was a third party beneficiary of the contract. When it was discovered that the attorney breached the contract, the bank brought a third party breach of contract action against the attorney. The Court determined if an attorney breaches a contract with a client by failing to perform a specific, contracted for obligation, a third party, non-client may assert a breach of contract action against the attorney if the non-client can show third party beneficiary status.[20]

¶ 26 *Hesser* teaches that when a lawyer undertakes to fulfill the testamentary instructions of a client, the lawyer must be aware that any consequences flowing from the lawyer's negligence will have an impact

on the named beneficiaries. The failure of a testamentary scheme deprives the intended beneficiaries of their bequests. If the failure is due to substandard professional performance, it is reasonable to conclude that the injured parties should recover against the lawyer who caused their harm. *Dabney* teaches that when a third party, non-client is the person specifically intended to be benefitted by the legal services, the non-client may assert a breach of contract action against the lawyer.

■ ¶ 27 Our decisions in *Hesser* and *Dabney* are consistent with those jurisdictions which allow intended will beneficiaries to assert malpractice claims. Consequently, we hold that an intended will beneficiary may maintain a legal malpractice action under negligence or contract theories against an attorney when the will fails to identify all of the decedent's heirs as a result of the attorney's substandard professional performance.[21]

## CONCLUSION

¶ 28 When an attorney is hired to prepare a will according to the client's directions, unless the client requests such an investigation, the attorney's obligation does not ordinarily include the duty to investigate the existence of a client's heirs independent of, or in addition to, the information provided by the client. Nevertheless, we recognize that when the will fails to identify all of the decedent's heirs as a result of the attorney's substandard professional performance, an intended will beneficiary may maintain a legal malpractice action under negligence or contract theories against an attorney.

"A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it."
The primary issue in a case where the suing plaintiff claims third party beneficiary status is whether the direct parties to the contract recognized the third party to have such status. *Great Plains Federal Savings & Loan Association v. Dabney*, see note 12, supra.

against an attorney, but not negligence. See, *Guy v. Liederbach*, note 16, supra. One court has determined that an intended beneficiary may assert a third party beneficiary breach of contract action without discussing negligence theories of recovery. See *Stowe v. Smith*, note 16, supra.

19. *Blair v. Ing*, see note 16, supra; *Simpson v. Calivas*, see note 16, supra; *Hale v. Groce*, see note 16, supra; *Ogle v. Fuiten*, see note 16, supra.

20. A contract made expressly for the benefit of a third person may be enforced by the third person. Title 15 O.S.2001 § 29 provides:

21. Our conclusion in this regard should not be read to expand our holding in *Great Plains Federal Savings and Loan Association v. Dabney*, see note 12, supra, as it relates to a suit in contract against an attorney for professional malpractice.

WATT, V.C.J., HODGES, LAVENDER, OPALA, SUMMERS, BOUDREAU, WINCHESTER, JJ., concur.

HARGRAVE, C.J., concurs in part; dissents in part.