2006 OK CIV APP 44

**Jane SWEARINGEN, Plaintiff/Appellant,**

**v.**

**BANK OF OKLAHOMA, an Oklahoma Corporation; and Jim Bryant, an Individual, Defendants/Appellees.**

**No. 102,355.**

Court of Civil Appeals of Oklahoma, Division No. 1.

March 8, 2006.

P. Craig Bailey, Bridger–Riley Bailey & Associates, P.C., Tulsa, OK, for Plaintiff/Appellant.

Joseph R. Farris, Paula J. Quillan, Feldman, Franden, Woodard, Farris & Boudreaux, and Deirdre O. Dexter, Steven M. Kobos, Frederic Dorwart Lawyers, Tulsa, Oklahoma, for Defendants/Appellees.

Opinion by ROBERT DICK BELL, Presiding Judge.

¶ 1 Plaintiff/Appellant Jane Swearingen, individually, appeals the trial court's summary judgments in favor of Defendants/Appellees Bank of Oklahoma, an Oklahoma Corporation (Bank), and Jim Bryant, an individual. We hold the trial court correctly determined Defendants are entitled to judgment on Plaintiff's claims.

¶ 2 Jane was the second wife of Eugene Swearingen, now deceased. Jane and Eugene were married 5 years at the time of his death. Eugene was married to his first wife, Aasalee Swearingen, for 40 years until Aasalee's death. Aasalee and Eugene had three daughters. During her lifetime, Aasalee created a separate trust. Upon Aasalee's death, the trust provided for income distributions to Eugene and discretionary distributions of principal to Eugene for his health, education, support and maintenance. The trust also granted Eugene a limited testamentary power of appointment. Eugene was permitted to appoint any remaining principal at his death to such persons, corporation and others, excluding himself, his estate, his creditors or the creditors of his estate. The three daughters were named remainder beneficiaries of the trust assets. Aasalee's last will and testament required that all probate assets be distributed to the trustee of Aasalee's Trust. Bank was nominated as the trustee of Aasalee's trust and personal representative of Aasalee's estate. Aasalee's trust contained a spendthrift provision barring any assignment or transfer of Aasalee's trust assets by the beneficiaries.

¶ 3 Aasalee died March 11, 1996. At the time of her death, she was the owner of an un-matured life insurance policy insuring Eugene's life. Bryant, as attorney for Bank, commenced an action to probate Aasalee's will in 1998. In August 2000, Bank received the estate tax release which was necessary to close Aasalee's estate.

¶ 4 A year and one-half after Aasalee's death, Eugene married Jane. Around December 12, 2000, Eugene and his daughters signed a request and release whereby the daughters authorized Bank, as trustee of Aasalee's trust, to distribute all of Aasalee's trust assets outright to Eugene. In November 2002, Eugene executed an amended and restated trust which provided for distributions of income and principal to Jane. In addition, Eugene's last will and testament devised and bequeathed all of his estate and exercised his power of appointment in favor of his trust, if then in existence, and if not then in existence, to Jane.

¶ 5 Eugene died November 17, 2002. A few months thereafter, Bank requested the daughters to reaffirm and ratify the request and release. They declined to do so. Instead, they withdrew their consent to the termination of Aasalee's trust. In response to the daughters' actions, Jane, as special

administrator of Eugene's estate, filed an application in Aasalee's estate seeking to validate and uphold the request and release and to have the assets of Aasalee's estate transferred to Eugene's estate. The dispute between the daughters and Jane was settled August 2003, and approved by the probate court in Aasalee's estate.

¶ 6 Aasalee's probate case was closed and the final decree of distribution was entered August 20, 2003. The probate court's final decree found Eugene's attempts to exercise the limited power of appointment in his amended and restated trust dated November 7, 2002, and in paragraph III(A) of his last will and testament were ineffective as violative of the terms of the grant in Aasalee's trust. On the other hand, the court found Eugene's attempted exercise of the power of appointment in favor of Jane in paragraph III(B) of his last will and testament was effective. Due to Eugene's valid exercise of the power of appointment, the probate court ordered all remaining assets of Aasalee's estate to be vested in and distributed outright to Jane. Thereafter, on April 7, 2004, the probate of Eugene's estate was closed and Jane was discharged as personal representative of Eugene's estate.

¶ 7 On June 3, 2004, Jane, in her individual capacity, brought the instant lawsuit for breach of fiduciary duty and negligence against the Defendants. She claimed Defendants owed her a fiduciary duty to timely close Aasalee's probate and transfer Aasalee's assets to Eugene's trust, that they breached this duty by negligently delaying the ·closing of Aasalee's estate and their breach caused her to expend attorney fees and other amounts to settle with the daughters.

¶ 8 Defendants moved for summary judgment urging Jane was never a beneficiary of Aasalee's probate estate or trust, nor was she a client of Bryant. Therefore, Defendants argued, neither of them owed a duty to Jane. They also contended Jane lacked standing to challenge the handling of Aasalee's trust or probate estate. Defendants further urged the final order in Aasalee's probate was *res judicata* and constituted issue preclusion and the request and release

agreement was unenforceable under the spendthrift clause in Aasalee's trust. They also alleged Jane's claims were barred by settlement. The trial court entered summary judgment against Jane as a matter of law and Jane appealed. This matter stands submitted without appellate briefs on the trial court record. See Rule 13, *Rules for District Courts*, 12 O.S. Supp.2002, Ch. 2, App. 1, and Rule 1.36, *Oklahoma Supreme Court Rules*, 12 O.S. Supp.2003, Ch. 15, App.

¶ 9 This Court's standard of review of a trial court's grant of summary judgment is *de novo*. *Hoyt v. Paul R. Miller, M.D., Inc.*, 1996 OK 80, ¶ 2, 921 P.2d 350, 351–52. Summary judgment is proper when the evidentiary materials "establish that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Shelley v. Kiwash Elec. Co-op., Inc.*, 1996 OK 44, ¶ 15, 914 P.2d 669, 674. When this Court reviews the trial court's grant of summary judgment, all inferences and conclusions drawn from the evidence must be viewed in the light most favorable to the party opposing the motion. *Id.*

¶ 10 The trial court's order did not provide any rationale for its grant of summary judgment. As a result, Jane raises 20 issues on appeal attacking all of the bases for judgment urged by Defendants. Several of Jane's issues on appeal reiterate the arguments already stated within other issues on appeal. These repetitive issues will not be separately considered, but will be considered concomitantly.

¶ 11 Issues 1, 2, 4, 6—9 and 17 claim Bank, as personal representative and as trustee of Aasalee's trust, and Bryant, as counsel for Bank, breached their fiduciary duty to Eugene, and by extension to Jane as an intended beneficiary of Eugene's trust. Specifically, Jane contends Defendants negligently failed to timely file the estate tax release, they negligently delayed completion of Aasalee's estate and they failed to timely transfer Aasalee's estate assets to Aasalee's trust so such assets may be appointed by Eugene to Jane.

¶ 12 To the extent Jane advances these claims on behalf of Eugene, we hold

she lacks standing to do so. "Standing" is a person's legal right to challenge the conduct of another in a judicial forum; it is the right to take the initial step that frames the legal issues for ultimate adjudication by a court or jury. *State ex rel. Cartwright v. Oklahoma Tax Comm'n,* 1982 OK 146, 653 P.2d 1230. Here, Eugene's claims against the Defendants for breach of fiduciary duty and negligence could only be prosecuted by Eugene as the real party in interest. *See* 12 O.S.2001 § 2017(A). Upon Eugene's death, his legally appointed representative became the only person authorized to prosecute Eugene's claims for breach of fiduciary duty and negligence. *See e.g.* 12 O.S.2001 § 2025. In light of the fact that Jane does not advance these claims as personal representative of Eugene's estate, but solely in her individual capacity, we conclude summary judgment was properly granted to Defendants for all claims advanced on Eugene's behalf.

¶ 13 We similarly hold Jane lacks standing to advance Eugene's claim against Defendants for allegedly violating their fiduciary duty in negligently preparing, executing, delivering, and implementing the request and release. Jane was not a party to the request and release, nor does she bring the instant claim in her capacity as personal representative of Eugene's estate. Accordingly, Issues 3, 10, 11, 13 and 16—which pertain to the request and release—are also rejected.

¶ 14 Jane's petition in error also contends summary judgment was inappropriately granted to Defendants because they owed a fiduciary duty to Jane, as Eugene's intended beneficiary, to timely administer, close and transfer assets of Aasalee's estate and trust to Eugene. In making this argument, Jane expects this Court to extend Bank's fiduciary duty [1] and Bryant's duty of care [2] to her even though she is not the client, an intended third-party beneficiary of the client, nor a person named in or intended to benefit under Aasalee's will or trust. As support, Jane cites several cases for the elements of an actionable negligence claim [3] and *Leak–Gilbert v. Fahle,* 2002 OK 66, 55 P.3d 1054. In *Fahle,* the Court held an *intended* will beneficiary may maintain a legal malpractice action under negligence or contract theories against an attorney when the will fails to identify all of the decedent's heirs as a result of the attorney's substandard professional performance.

¶ 15 Fahle does not support Jane's contentions. *Fahle* was limited to a narrow factual situation where an intended beneficiary of the testator was harmed by a lawyer's malpractice. *Fahle* does not extend an attorney's duty to third-party, non-beneficiaries of the testator. Here, Jane is unable to show she was specifically identified as a beneficiary of Aasalee's will or trust, or that she was a intended third-party beneficiary or object of Aasalee's donative intent. Instead, Jane is a virtual stranger to Aasalee whose claim to Aasalee's estate is adversarial to Aasalee's expressed intent to benefit her husband and daughters. This being the case, and regardless of whether Jane was Eugene's intended beneficiary, we hold neither Bank nor Bryant owed a duty to Jane to expeditiously administer Aasalee's estate and trust, or to timely transfer such assets to Eugene.

¶ 16 The trial court correctly granted summary judgment to Defendants on Jane's claims for breach of fiduciary duty and negligent delay. Because we find Defendants are entitled to judgment in their favor as a mat-

1. A trustee owes a fiduciary duty to those holding beneficial interests in the trust. *Smith v. Baptist Found. of Okla.,* 2002 OK 57, ¶ 28, 50 P.3d 1132, 1144. A personal representative's fiduciary duty does not extend further than the estate the representative was administering and those persons directly interested in that estate. *Matter of Estate of Webb,* 1991 OK CIV APP 119, 832 P.2d 27.

2. Lawyers have the duty to exercise ordinary professional skill and diligence in rendering professional services. *Leak–Gilbert v. Fahle,* 2002 OK 66, ¶ 11, 55 P.3d 1054, 1057. Whether a duty of care exists is a question of law. *Id.*

3. The elements needed to prove actionable negligence are the existence of a duty on defendant's part to protect plaintiff from injury, a violation of that duty and injury resulting therefrom. *Grover v. Superior Welding, Inc.,* 1995 OK 14, 893 P.2d 500. The threshold question in any negligence suit is whether the defendant had a duty to the particular plaintiff alleged to be harmed. *Id.* Whether such a duty exists is a question for the court. *Wofford v. Eastern State Hosp.,* 1990 OK 77, 795 P.2d 516.

ter of law, the remaining Issues[4] raised in Jane's petition in error will not be separately addressed.

¶ 17 The order of the trial court granting summary judgment to Appellees is AFFIRMED.

HANSEN and JOPLIN, JJ., concur.

---

4. Issues 5 and 14 contend the trial court erroneously granted summary judgment on the basis that the probate court's final order was *res judicata* as to Jane's claims against Defendants. Issue 10 claims summary judgment was erroneously granted on the basis that the spendthrift clause in Aasalee's trust invalidated the effectiveness of the request and release. Issue 11 contends the trial court should have determined Eugene's July 19, 2000, exercise of the power of appointment was effective. Issues 12, 15, 18, 19, and 20 are all factual assertions which do not impact this Court's decision herein.