# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Jackson v. Randle*, 2011 IL App (4th) 100790

---

| | |
|---|---|
| Appellate Court Caption | ROMEO JACKSON, Plaintiff-Appellant, v. MICHAEL P. RANDLE, Director, The Department of Corrections; TONY SMALL, Chief Fiscal Officer of The Department of Corrections; ANTHONY RAMOS, Warden of Stateville Correctional Center; and THE DEPARTMENT OF CORRECTIONS, Individually and on Behalf of a Defendant Class of Correctional Facilities, Defendants-Appellees. |
| District & No. | Fourth District<br>Docket No. 4-10-0790 |
| Argued<br>Filed | July 12, 2011<br>September 9, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Plaintiff inmate's complaint alleging that the prison overcharged inmates in violation of section 3-7-2a of the Unified Code of Corrections was properly dismissed, since inmates have a constitutional right to certain things, including adequate water, shelter, food, clothing, sanitation, and medical care, but they have no "rights" to commissary items at a specified price. |
| Decision Under Review | Appeal from the Circuit Court of Sangamon County, No. 10-CH-406; the Hon. Leslie J. Graves, Judge, presiding. |

| | |
|---|---|
| Judgment | Affirmed. |
| Counsel on Appeal | Clinton A. Krislov and Robert P. DeWitte (argued), both of Krislov & Associates, Ltd., of Chicago, and Samuel J. Cahnman, of Springfield, for appellant. |
| | Lisa Madigan, Attorney General, of Chicago (Michael A. Scodro, Solicitor General, and Brett E. Legner (argued), Assistant Attorney General, of counsel), for appellees. |
| Panel | JUSTICE STEIGMANN delivered the judgment of the court, with opinion. Justices Pope and Cook concurred in the judgment and opinion. |

## OPINION

¶ 1    In October 2009, plaintiff, Romeo Jackson, sued, among others, the Illinois Department of Corrections (DOC), claiming that its commissary had been overcharging him and other inmates in violation of section 3-7-2a of the Unified Code of Corrections (Unified Code) (730 ILCS 5/3-7-2a (West 2008)).

¶ 2    In May 2010, defendants, Michael P. Randle, DOC Director; Tony Small, DOC chief fiscal officer; Anthony Ramos, Stateville Correctional Center warden; and DOC, filed a motion to dismiss Jackson's complaint. In August 2010, the trial court granted defendants' motion to dismiss, finding that Jackson could not use the Unified Code to create a right upon which to establish standing to bring his claims.

¶ 3    Jackson appeals, arguing that the trial court erred by dismissing his complaint. We disagree and affirm.

¶ 4                    I. BACKGROUND

¶ 5    In October 2009, Jackson sued defendants, seeking declaratory and injunctive relief, compensatory damages, as well as costs and attorney fees. Specifically, Jackson claimed that DOC, through its commissary, had been overcharging him and other inmates in violation of section 3-7-2a of the Unified Code (730 ILCS 5/3-7-2a (West 2008)), which outlines the additional percentage amount a prison may charge above its cost for items sold at its commissary. Jackson pointed out that a recent audit of the prison commissary revealed that DOC had been improperly implementing its authorized markup for at least two years,

resulting in prices that exceeded the statutory limit.

¶ 6       In May 2010, defendants filed a motion to dismiss Jackson's complaint, pointing out that (1) the court lacked subject-matter jurisdiction, given that DOC had sovereign immunity and (2) Jackson lacked standing, given that the Unified Code does not create a private right of action.

¶ 7       In August 2010, the trial court granted defendants' motion to dismiss, finding as follows:

> "[Jackson's] claims in [c]ounts I, III, IV, and V seeking money damages for past amounts charged at the inmate commissary are barred by the State's sovereign immunity. The State of Illinois–[DOC]–is the party vitally interested in this litigation because a judgment for [Jackson] would control the State's actions by requiring it to change its accounting practices and would subject the State to liability for past amounts. [Citations.] The appropriate forum for damage claims based [on] alleged commissary overcharges is the Illinois Court of Claims. 705 ILCS 505/8(a) (West 2008) (Court of Claims has exclusive jurisdiction to hear and determine any claim against the State 'founded upon any law of the State of Illinois').

> To the extent [Jackson] seeks to prospectively enjoin [d]efendants from taking actions in excess of their delegated authority and in violation of [Jackson's] *** legal interests, [Jackson] lacks standing to enforce [s]ection 3-7-2a of the Unified Code. The United States Constitution does not encompass any right enjoyed by inmates to *** commissary items at a certain price, and Illinois law creates no rights for inmates beyond those that are constitutionally required."

¶ 8       This appeal followed.

¶ 9                              II. ANALYSIS

¶ 10       Jackson argues that (1) the trial court erred by treating his equitable relief claim as seeking money damages, (2) his claims are not barred by sovereign immunity because they are for equitable relief based on a statutory violation, and (3) he had standing to enforce section 3-7-2a of the Unified Code because "otherwise the statute is unenforceable as a practical matter." Essentially, Jackson contends that the court erred by dismissing his complaint. Defendants respond that the court did not err by dismissing Jackson's complaint because (1) Jackson lacked standing, given that the Unified Code does not create a private right of action and (2) the court lacked subject-matter jurisdiction, given that DOC had sovereign immunity. We agree with defendants that Jackson lacked standing.

¶ 11         A. Section 2-619(a)(9) Motions To Dismiss and the Standard of Review

¶ 12       Section 2-619(a)(9) of the Code of Civil Procedure permits a trial court to involuntarily dismiss a claim when "the claim asserted *** is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2008). The phrase "affirmative matter" refers to something "in the nature of a defense that negates the cause of action completely," such as standing. *Glisson v. City of Marion*, 188 Ill. 2d 211, 220, 720 N.E.2d 1034, 1039 (1999). We review *de novo* orders granting defendants' motions to

dismiss under 2-619(a)(9). *Lacey v. Village of Palatine*, 232 Ill. 2d 349, 359, 904 N.E.2d 18, 24 (2009).

¶ 13                    B. Standing To Bring a Statutory Claim

¶ 14    Generally, the doctrine of standing is designed to "preclude persons who have no interest in a controversy from bringing suit." *Glisson*, 188 Ill. 2d at 221, 720 N.E.2d at 1039. However, the doctrine of standing also precludes a plaintiff from bringing a private cause of action based on a statute unless the statute expressly confers standing on an individual or class to do so. See *Glisson*, 188 Ill. 2d at 222, 720 N.E.2d at 1040 (rejecting the plaintiff's attempt to expand the doctrine of standing to include "member[s] of [a] class designed to be protected by the statute, or one for whose benefit the statute was enacted, and to whom a duty of compliance is owed").

¶ 15              C. Jackson's Statutorily Based Complaint in This Case

¶ 16    Here, Jackson sued defendants, claiming that DOC, through its commissary, had been overcharging him and other inmates in violation of section 3-7-2a of the Unified Code (730 ILCS 5/3-7-2a (West 2008)), which, as we previously explained, outlines the additional percentage amount a prison may charge above its cost for items sold at its commissary. Section 3-7-2a, however, does not expressly confer standing on inmates–or anyone else, for that matter–to enforce the cost percentages outlined therein.

¶ 17    As this court explained more than a decade ago in *Ashley v. Snyder*, 316 Ill. App. 3d 1252, 1258-59, 739 N.E.2d 897, 902-03 (2000), DOC regulations and the Unified Code were designed to provide guidance to prison officials in the administration of prisons, not to create more rights for inmates than those that are constitutionally required. Inmates have a constitutional right to adequate water, shelter, food, drinking water, clothing, sanitation, and medical care, personal safety, reasonable access to courts, and the reasonable opportunity to exercise religious freedom. *Ashley*, 316 Ill. App. 3d at 1258-59, 739 N.E.2d at 903. Prisoners like Jackson do not have constitutionally protected "rights" to commissary items at a specified price, and section 3-7-2a does not somehow magically create one.

¶ 18    Accordingly, we reject Jackson's contention that the trial court erred by dismissing his complaint.

¶ 19    In closing, we note that defendants also make a strong case that sovereign immunity applies. Given that we have determined that Jackson lacks standing, however, we need not address that contention.

¶ 20                           III. CONCLUSION

¶ 21    For the reasons stated, we affirm the trial court's judgment.

¶ 22    Affirmed.