**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 5, 2017[*]
Decided July 6, 2017

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 16-3477

| | |
|---|---|
| RONALD RUHL, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 16 C 6123 |
| MARCUS HARDY, et al., | |
| *Defendants-Appellees.* | Rubén Castillo, |
| | *Chief Judge.* |

## O R D E R

Ronald Ruhl learned through a report from the Illinois Auditor General that prison administrators throughout the state had routinely overcharged inmates for purchases made in prison commissaries. Although Illinois law prohibits charging prisoners more than 25% above cost for commissary items, 730 ILCS 5/3-7-2a, the Department of Corrections had added another 7% as "overhead," effectively fleecing

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. We have agreed to decide the case without oral argument because the brief and record adequately present the facts and legal arguments. *See* FED. R. APP. P. 34(a)(2)(C).

prisoners of more than $10.8 million over five years. The practice ended in 2012, but the Department refused to give inmates refunds for past overpayments. That prompted Ruhl to seek refunds through two lawsuits in state court, but both times he struck out. Ruhl then filed this suit under 42 U.S.C. § 1983, claiming that the refusal to refund the "illgotten funds" violated the Constitution.

The district court dismissed Ruhl's complaint at screening, *see* 28 U.S.C. § 1915A, primarily on the ground that his suit is foreclosed by *Tenny v. Blagojevich*, 659 F.3d 578, 580–81 (7th Cir. 2011), which rejected claims identical to Ruhl's. The plaintiffs in *Tenny* had asserted that § 5/3-7-2a creates a protected property interest in a 25% cap on the markup of commissary items, which, they argued, Department administrators had taken from them without due process. *Id.* We declined to decide whether a protected property interest existed but assumed that it did. *Id.* at 582. Still we rejected the inmates' claims, reasoning that the Due Process Clause of the Fourteenth Amendment was not implicated because, even if the overcharges had deprived the plaintiffs of a property right, Illinois provides an adequate postdeprivation remedy through an action in tort. *Id.* at 582–83. But the Illinois courts have since rendered at least two decisions rejecting the assumption on which *Tenny* relied. In *Jackson v. Randle*, 957 N.E.2d 572, 575 (Ill. App. Ct. 2011), the state appellate court expressly held that prisoners "do not have constitutionally protected 'rights' to commissary items at a specified price, and section 3-7-2a does not somehow magically create one." And in Ruhl's appeal from the adverse decision in one of his own lawsuits, the court relied on *Jackson* to conclude that his due process claim "is easily dispelled," explaining that prisoners "have no right to a commissary at all," much less one that sells goods at a specified price. *Ruhl v. Dep't of Corrs.*, 35 N.E.3d 982, 986–87 (Ill. App. Ct. 2015). These decisions, which rejected claims under state law for the overcharges, call into question *Tenny*'s conclusion that Illinois provides an adequate postdeprivation remedy for the *conduct* about which Ruhl complains. More importantly, though, the two decisions also establish that no protected property interest is at issue, which means that a claim under the Due Process Clause could not arise. *See Frey Corp. v. City of Peoria, Ill.*, 735 F.3d 505, 509–10, 512 (7th Cir. 2013); *Leavell v. Ill. Dep't of Nat. Res.*, 600 F.3d 798, 804 (7th Cir. 2010).

In this litigation, however, we need not decide if *Tenny*'s analysis remains relevant, since a straightforward ground exists on which to affirm the dismissal of Ruhl's complaint. Ruhl litigated his due process claim in state court, *Ruhl*, 35 N.E.3d at 987, then unsuccessfully petitioned the Supreme Court of Illinois to review the dismissal of that suit, *Ruhl v. Ill. Dep't of Corrs.*, 42 N.E.3d 375 (Ill. 2015). Under the doctrine of claim preclusion, that state-court judgment has the same preclusive effect in federal court as it

would in the courts of the rendering state. *See Hayes v. City of Chi.*, 670 F.3d 810, 813 (7th Cir. 2012). Illinois applies claim preclusion to bar relitigation of claims that were—or could have been—determined in an earlier proceeding when the first suit resulted in a final decision on the merits, the same transaction or occurrence underlies both actions, and those actions involve the same parties. *Id*. In state court Ruhl fully litigated his demand for a refund—even joining a due process claim with his state statutory claim—and he cannot obtain another bite at the apple by bringing a new suit in federal court. The proper avenue to seek review of a state court's decision is a petition for certiorari to the Supreme Court of the United States, not a new suit in federal court. *See Hayes*, 670 F.3d at 816.

AFFIRMED.