2024 IL App (3d) 240051

Opinion filed November 12, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| *In re* ESTATE OF PATRICK E. PITON, | ) | Appeal from the Circuit Court |
| | ) | of the 18th Judicial Circuit, |
| Deceased | ) | Du Page County, Illinois. |
| | ) | |
| (Larisa A. Piton, Lawrence Piton, and Alexei Piton, | ) | |
| | ) | |
| | ) | Appeal No. 3-24-0051 |
| Petitioners-Appellants, | ) | Circuit Nos. 22-PR-499 |
| | ) | |
| v. | ) | |
| | ) | |
| Dorothy Sprenger, | ) | The Honorable |
| | ) | Paul M. Fullerton, |
| Respondent-Appellee). | ) | Judge, Presiding. |

_____

JUSTICE HETTEL delivered the judgment of the court, with opinion.
Justice Peterson concurred in the judgment and opinion.
Justice Albrecht dissented, with opinion.

_____

**OPINION**

¶ 1        Petitioners Larisa Piton, Lawrence Piton, and Alexei Piton are a niece and nephews of the

decedent, Patrick E. Piton. Respondent Dorothy Sprenger is Patrick's sole surviving sibling. Prior

to his death, Patrick signed a power of attorney authorizing Dorothy to act as his agent with respect

to his Vanguard accounts. Petitioners filed a claim for breach of fiduciary duty against Dorothy,

alleging that she failed to name them as beneficiaries of Patrick's Vanguard nonretirement

accounts, as Patrick instructed her to do. Dorothy filed a motion to dismiss petitioners' claim with prejudice, asserting that petitioners lack standing. The circuit court granted Dorothy's motion. Petitioners appeal, arguing that the circuit court erred in dismissing their claim for lack of standing. We affirm.

## I. BACKGROUND

Patrick E. Piton died on March 28, 2022. He had no children and no surviving spouse. His parents and one sibling, V. Lawrence Piton, predeceased him. One sibling, Dorothy Sprenger, survived him. During his lifetime, Patrick owned several Vanguard retirement accounts, nonretirement accounts, and a joint tenancy account with Dorothy. At the time of his death, Patrick had more than $1 million in his Vanguard retirement accounts and more than $3 million in his Vanguard nonretirement accounts.

During his life, Patrick named "Transfer on Death (TOD) Plan beneficiaries" for his Vanguard accounts. Prior to 2017, Patrick named Dorothy as the sole beneficiary of all his Vanguard accounts. Then, in 2017, Patrick designated Dorothy and V. Lawrence each as 50% beneficiaries of his Vanguard retirement accounts. At that time, V. Lawrence was named Patrick's agent in a healthcare power of attorney, with Dorothy named as successor agent.

On April 1, 2018, V. Lawrence died, and Dorothy became Patrick's healthcare agent. In early 2019, Patrick's health began to deteriorate. In June 2019, Patrick signed a power of attorney giving Dorothy "Full Agent Authorization" over his Vanguard accounts, which allowed her to change the beneficiaries of the accounts. In December 2020, Dorothy removed V. Lawrence as a beneficiary of the Vanguard retirement accounts and designated herself as the sole beneficiary of those accounts. Thereafter, Dorothy designated her children as contingent beneficiaries on the Vanguard accounts.

2

¶ 6		In June 2022, petitioners Larisa A. Piton, Lawrence Piton, Alexei Piton, and Lucille A. Moll,[1] V. Lawrence's children and Patrick's nieces and nephews, filed a complaint against Dorothy alleging undue influence and fraud in chancery court in Du Page County case No. 22-CH-131. That case was assigned to Judge Bonnie Wheaton.

¶ 7		On June 17, 2022, Dorothy filed a petition in probate court to probate Patrick's estate in Du Page County case No. 22-PR-499. According to Dorothy, Patrick's estate had a value of approximately $37,000. Dorothy attached to the petition a copy of Patrick's will, dated January 8, 1968, which provided in pertinent part:

> "I give, devise and bequeath all the rest, residue, and remainder of my estate, whether real, personal or mixed which I may own or possess at the time of my death or to which I may then be entitled and wheresoever the same may be situated to my beloved parents, ANN M. PITON and VICTOR E. PITON, share and share alike; provided, however that if neither survive me, then to my sister, DOROTHY A. SPRENGER and my brother, V. LAWRENCE PITON, share and share alike; provided however, that if neither my sister or brother survive me, then to my nephews and nieces in equal shares."

On July 6, 2022, Judge Paul Fullerton appointed Dorothy as independent administrator of Patrick's estate.

¶ 8		A. Case No. 22-PR-499

¶ 9		In January 2023, petitioners, along with their mother (also named Larisa Piton), filed a petition to contest Patrick's will in case No. 22-PR-499, alleging a will contest (count I), and an action for construction of Patrick's 1968 will (count II). Dorothy filed a motion to dismiss the petition, asserting that (1) petitioners failed to present evidence of the existence of a codicil or

---

[1]Moll later voluntarily withdrew her appearance as a petitioner.

other document drafted by Patrick after 1968 and (2) the terms of the will ambiguously provide a *per capita* distribution of assets to her as Patrick's sole surviving sibling. On April 28, 2023, Judge Fullerton granted Dorothy's motion to dismiss the petition, dismissing count II with prejudice and count I without prejudice.

¶ 10        In May 2023, petitioners filed a petition for relief, alleging breach of fiduciary duty by Dorothy (count I), and seeking an accounting of Patrick's Vanguard accounts (count II). In count I, petitioners alleged that in 2019 and 2020 Patrick directed Dorothy to add petitioners as beneficiaries to his Vanguard nonretirement accounts but that Dorothy never did so.

¶ 11        In June 2023, Dorothy filed a motion to dismiss the petition with prejudice, asserting that petitioners lack standing to bring a breach of fiduciary duty claim.

¶ 12                         B. Case No. 22-CH-131

¶ 13        On January 3, 2023, petitioners filed their first amended complaint against Dorothy in case No. 22-CH-131, alleging breach of fiduciary duty (count I), tortious interference with inheritance expectancy (count II), undue influence (count III), and fraud (count IV). Dorothy filed a motion to dismiss petitioners' amended complaint, asserting that petitioners lack standing to seek damages from her alleged breach of fiduciary duty and failed to state a claim for tortious interference with an inheritance expectancy, undue influence and fraud. On April 12, 2023, Judge Wheaton entered an order granting Dorothy's motion to dismiss, dismissing counts II through IV without prejudice for failure to state a claim. With respect to count I, Judge Wheaton stated: "To the extent Count I pleads a direct cause of action by Plaintiffs against Defendant, Count I is dismissed with prejudice ***. To the extent count I pleads an action on behalf of Patrick Piton's Estate, Count I is dismissed without prejudice, but if repled, must be filed in Case No. 22 PR 499, the Estate of Patrick E. Piton."

4

¶ 14 In May 2023, petitioners filed a second amended complaint in case No. 22-CH-131, alleging tortious interference with inheritance expectancy.

¶ 15 C. Consolidation of Cases

¶ 16 In June 2023, petitioners filed a motion to consolidate case Nos. 22-PR-499 and 22-CH 131. Dorothy opposed the motion. On September 28, 2023, Judge Fullerton entered an order consolidating the cases and denying Dorothy's motion to dismiss the petition alleging breach of fiduciary duty in case No. 22-PR-499.

¶ 17 On October 20, 2023, Dorothy filed a motion for reconsideration. On December 19, 2023, Judge Fullerton granted Dorothy's motion and dismissed the petition for breach of fiduciary duty against Dorothy based on lack of standing. On January 11, 2024, Judge Fullerton entered an order granting petitioners 28 days to file an amended petition/complaint and amended its December 19, 2023 order, *nunc pro tunc*, to add the following language: "[T]he Court finds that, pursuant to Illinois Supreme Court Rule 304(a), there exists no just reason to delay either enforcement of, or appeal from, the dismissal entered on December 19, 2023."

¶ 18 II. ANALYSIS

¶ 19 Petitioners argue that the circuit court erred in granting Dorothy's motion to dismiss. They contend that they are successors in interest under the Illinois Power of Attorney Act (Act) (755 ILCS 45/1-1 *et seq.* (West 2022)) and, therefore, have standing to assert their breach of fiduciary duty claim.

¶ 20 This appeal challenges the circuit court's dismissal of petitioners' complaint pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2022)). We review the circuit court's dismissal *de novo*. See *In re Estate of Lay*, 2018 IL App (3d) 170378, ¶ 11.

¶ 21　　Section 2-619 of the Code allows a defendant to file a motion to dismiss if "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2022). Lack of standing is a proper affirmative matter under section 2-619(a)(9) because it completely defeats the plaintiffs' ability to successfully prosecute their claim against the defendant. *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶ 33 (citing *Jackson v. Randle*, 2011 IL App (4th) 100790, ¶ 12).

¶ 22　　" 'The doctrine of standing is designed to preclude persons who have no interest in a controversy from bringing suit,' and 'assures that issues are raised only by those parties with a real interest in the outcome of the controversy.' " *Nationwide Advantage Mortgage Co. v. Ortiz*, 2012 IL App (1st) 112755, ¶ 24 (quoting *Glisson v. City of Marion*, 188 Ill. 2d 211, 221 (1999)). " 'To have standing, *** the [claimant] must not be merely curious or concerned but must possess some personal claim, status, or right, a distinct and palpable injury which is fairly traceable to the [respondent's] conduct and substantially likely to be redressed by the grant of such relief.' " *In re Estate of Zivin*, 2015 IL App (1st) 150606, ¶ 14 (quoting *Potter v. Ables*, 242 Ill. App. 3d 157, 158 (1993)). "A standing challenge focuses on the party seeking relief—not on the merits of the controversy—and asks whether that party is entitled to pursue the legal challenge, either in their personal or representative capacity." *Id.* If the plaintiffs lack standing to sue, a reviewing court must affirm the circuit court's order granting of the defendant's motion to dismiss. See *Mareskas-Palcek v. Schwartz, Wolf & Bernstein, LLP*, 2017 IL App (1st) 162746, ¶ 45.

¶ 23　　An agent appointed under a power of attorney owes a fiduciary duty to the principal. *In re Estate of Coffman*, 2023 IL 128867, ¶ 59. Section 2-7 of the Act sets forth specific duties of agents appointed under powers of attorney. See 755 ILCS 45/2-7(a)-(c) (West 2022). Those duties include the duty to act "in good faith for the benefit of the principal." *Id.* § 2-7(a). Subsection (f) of section

6

2-7 addresses who has standing to assert a claim against an agent for breach of her duties. See *id.* § 2-7(f). That section provides:

"An agent that violates this Act is liable to the principal or the principal's successors in interest for the amount required (i) to restore the value of the principal's property to what it would have been had the violation not occurred, and (ii) to reimburse the principal or the principal's successors in interest for the attorney's fees and costs paid on the agent's behalf. This subjection does not limit any other applicable legal or equitable remedies." *Id.*

¶ 24    The term "successors in interest" is not defined in the Act. See *id.* § 1-1 *et seq.* Where a term is not defined in a statute, we assume the legislature intended the term to have its ordinary and popularly understood meaning. *Landis v. Marc Realty, L.L.C.*, 235 Ill. 2d 1, 8 (2009). It is appropriate to employ a dictionary to ascertain the meaning of an otherwise undefined word or phrase contained in a statute. *Id.* Black's Law Dictionary defines "successor in interest" as "[s]omeone who follows another in ownership or control of property." Black's Law Dictionary (12th ed. 2024). Black's Law Dictionary defines "successor" as "[s]omeone who succeeds to the office, rights, responsibilities, or place of another; one who replaces or follows a predecessor." Black's Law Dictionary (12th ed. 2024). The American Heritage Dictionary offers a similar definition: "[o]ne that succeeds another." American Heritage Dictionary of the English Language 1728 (4th ed. 2000). This same dictionary defines "succeed" as "to come after and take the place of." *Id.*

¶ 25    An individual named as beneficiary of an account is entitled to ownership of the account and all sums in it upon the account owner's death as long as the beneficiary survives the account owner. See *Middeke v. Balder*, 198 Ill. 590, 601 (1902); *In re Estate of Denler*, 80 Ill. App. 3d 1080, 1089 (1980); *In re Estate of Wright*, 17 Ill. App. 3d 894, 900-01 (1974). Because a

7

beneficiary follows an account holder in ownership of an account, a beneficiary falls within the definition of a successor in interest.

¶ 26 Even before an owner's death, named beneficiaries have an interest in the property of which they are named beneficiaries. See *Estate of Wright*, 17 Ill. App. 3d at 900; *In re Estate of Gandolfi*, 131 Ill. App. 2d 752, 755 (1970); *Merchants National Bank of Aurora v. Weinold*, 12 Ill. App. 2d 209, 218 (1956). Thus, a beneficiary may assert a cause of action for breach of fiduciary duty related to that property. See *Chicago Park District v. Kenroy, Inc.*, 78 Ill. 2d 555, 565 (1980); *Giagnorio v. Emmett C. Torkelson Trust*, 292 Ill. App. 3d 318, 324 (1997). However, a nonbeneficiary does not have standing to assert a claim for breach of fiduciary duty. *Hoopingarner v. Stenzel*, 329 Ill. App. 3d 271, 278 (2002).

¶ 27 Here, Patrick appointed Dorothy as his agent by giving her "Full Agent Authorization" over his Vanguard accounts. As such, Dorothy owed Patrick a fiduciary duty and had to act in good faith for his benefit. See *Coffman*, 2023 IL 128867, ¶ 59; 755 ILCS 45/2-7(a) (West 2022). Nevertheless, only Patrick or his "successors in interest" could institute an action for breach of fiduciary duty against Dorothy. See 755 ILCS 45/2-7(f) (West 2022). Petitioners contend they are successors in interest because they allege they would have been named beneficiaries on Patrick's Vanguard nonretirement accounts if Dorothy had done what they allege Patrick instructed her to do. We disagree with petitioners' contention that they are successors in interest.

¶ 28 To qualify as successors in interest, petitioners had to show they were entitled to receive the Vanguard accounts upon Patrick's death. See Black's Law Dictionary (12th ed. 2024). Despite petitioners' allegations that they should have been named beneficiaries of Patrick's accounts, petitioners were not named beneficiaries of the Vanguard nonretirement accounts when Patrick died or at any time prior to his death. Therefore, they failed to establish that they had a right or

8

interest in the accounts that would qualify them as successors in interest who could bring a breach of fiduciary duty claim against Dorothy. See *Hoopingarner*, 329 Ill. App. 3d at 278.

¶ 29        We disagree with the dissent's contention that petitioners qualify as "successors in interest" under section 2-7(f) of the Act because they would come within the definition of an "interested person" under section 2-10 of the Act. *Infra* ¶ 38. It is a well-settled principle of statutory construction that, where the legislature uses certain language in one statutory provision and wholly different language in another, we must assume the legislature intended different meanings. *Illinois State Treasurer v. Illinois Workers' Compensation Comm'n*, 2015 IL 117418, ¶ 28. In section 2-10 of the Act, the legislature created a procedure by which an "interested person" can file a petition on behalf of a principal who has appointed an agent under a power of attorney while the principal is still alive. See 755 ILCS 45/2-10(a) (West 2022). The legislature then defined the term "interested person" and specified that the definition applies only "in this Section." *Id.* § 2-10(f). Notably, in section 2-7(f) of the Act, the legislature used a different term, "successors in interest," in identifying who may file a claim for breach of fiduciary duty after a principal's death. *Id.* § 2-7. We must presume that, by using different terms in sections 2-7 and 2-10 of the Act, the legislature intended them to have different meanings. See *Illinois State Treasurer*, 2015 IL 117418, ¶ 28. Therefore, we find it inappropriate to employ the definition of "interested person" contained in section 2-10 to the term "successors in interest" in section 2-7.

¶ 30        We also disagree with the dissent's contention that the facts of this case are analogous to cases in which a beneficiary's name has been removed on an account by an agent acting under a power of attorney. *Infra* ¶ 39. If petitioners had been named as beneficiaries on the accounts at issue and then removed by Dorothy, they would have had standing to raise a breach of fiduciary duty claim. See *Rellick-Smith v. Smith*, 147 A.3d 897, 904 (Pa. Super. Ct. 2016) (finding

9

beneficiary of certificates of deposit named by the decedent during her life had standing to challenge the propriety of the defendants' unilateral action, as agents under the power of attorney agreement, in changing the decedent's beneficiary designation). In such a situation, petitioners would be successors in interest as named beneficiaries on the accounts. See *Middeke*, 198 Ill. at 601; *Estate of Denler*, 80 Ill. App. 3d at 1089; *Estate of Wright*, 17 Ill. App. 3d at 900-01. However, those are not the petitioners' allegations. Petitioners do not allege that they were ever named beneficiaries on the accounts but, instead, allege that they would have been designated beneficiaries on the accounts if the defendant, as the decedent's agent, had done what the decedent instructed her to do. Neither petitioners nor the dissent have provided any case law to support petitioners' position that they possess standing to bring a breach of fiduciary duty claim based on these allegations.

¶ 31     Because petitioners were not named beneficiaries of Patrick's accounts, the circuit court properly ruled that petitioners lack standing to pursue their cause of action for breach of fiduciary duty against Dorothy. See *Middeke*, 198 Ill. at 601; *Estate of Denler*, 80 Ill. App. 3d at 1089; *Estate of Wright*, 17 Ill. App. 3d at 900-01. Petitioners failed to establish that they possessed "some personal claim, status, or right" to the accounts that is necessary to establish standing. See *Zivin*, 2015 IL App (1st) 150606, ¶ 14. We, therefore, affirm the trial court's order granting Dorothy's motion to dismiss.

¶ 32                                    III. CONCLUSION

¶ 33     The judgment of the circuit court of Du Page County is affirmed.

¶ 34     Affirmed.

¶ 35     JUSTICE ALBRECHT, dissenting:

10

¶ 36    I disagree with the majority's decision that the petitioners lack standing to pursue this matter.

¶ 37    In determining how to define successors in interest, the majority has defined "successors" as one who takes the place, follows, or succeeds another. *Supra* ¶ 24. The petitioners are the children of Patrick's deceased brother. As Patrick left no spouse, children, or parents, his nieces and nephews qualify as heirs under the Probate Act of 1975 (Probate Act) (755 ILCS 5/1-1 *et seq.* (West 2022)). Specifically, section 2-1 provides:

> "If there is no surviving spouse or descendant but a parent, brother, sister or descendant of a brother or sister of the decedent: the entire estate to the parents, brothers and sisters of the decedent in equal parts, allowing to the surviving parent if one is dead a double portion and *to the descendants of a deceased brother or sister per stirpes the portion which the deceased brother or sister would have taken if living.*" (Emphasis added.) 755 ILCS 5/2-1(d) (West 2022).

Thus, if Patrick had passed intestate, the petitioners would have inherited under the Probate Act, making them successors. The petitioners' position as heirs is not in dispute; they were clearly recognized as such in the probate case and were provided with the proper notices under the Probate Act. These are not strangers or distant relatives who have suddenly appeared to make a claim; they are relatives, recognized under the Probate Act as descendants, who, additionally, had a relationship with Patrick during his lifetime.

¶ 38    Further, the Power of Attorney Act allows the petitioners standing to challenge the principal's capacity to control or revoke the agency relationship, allowing the court to review the actions of an agent while the principal is still alive. The Power of Attorney Act allows any "interested person" to challenge such actions and includes as its definition of "interested person"

11

one "who would be a presumptive heir-at-law of the principal." 755 ILCS 45/2-10(f)(4) (West 2022). The petitioners are clearly interested persons that had standing to challenge capacity and an agent's actions prior to Patrick's death. Thus, they would have had standing to their current claim if they had become aware of Dorothy's actions before their uncle's death. It leads to an absurd result to find now they do not have standing to challenge the same action merely because Patrick has since passed. Thus, the statutory definitions in the Probate Act and Power of Attorney Act indicate that the petitioners are indeed successors in interest.

¶ 39    Other states have met with similar, albeit not exact, circumstances and found that intended beneficiaries who are first named on an account and then removed by a power of attorney have standing to sue. See, *e.g.*, *Teasdale v. Allen*, 520 A.2d 295, 295 (D.C. Cir. 1987) (refusing "to adopt any per se rule that standing may be granted only to those whose precise status as intended beneficiaries can be discerned from the four corners" of a document); *Rellick-Smith*, 147 A.3d at 904 (holding that a beneficiary once removed from certificate of deposit accounts has standing to challenge the agent's actions in removing her as beneficiary and to hold otherwise would "lead to an absurd and unjust result"). Those decisions are based on the reasoning that it was clear the principal intended for those individuals to be beneficiaries and, but for the agent's misdeeds, would have been named beneficiaries.

¶ 40    The same principle holds here, where the petitioners have made allegations that they have proof of Patrick's intent to name them as beneficiaries to the Vanguard accounts. While the intended beneficiaries of these other cases have the proof of intent by their names at one point being listed as a beneficiary, the petitioners here are not without proof of Patrick's intent. At this stage in the proceedings, we must take all allegations in the complaint as true. *Mackey v. Sarroca*, 2015 IL App (3d) 130219, ¶ 12. In their complaint, the petitioners have alleged that

12

Patrick made several requests to add the petitioners to the Vanguard accounts and asked for their personal information in order to do so. They further allege that Dorothy was personally given this information by one of the petitioners and that she stated she would fulfill the request. Finally, the petitioners have produced a letter from Patrick stating that he would help them set up their own accounts with Vanguard. All these allegations, when taken as true, lead to the conclusion that the petitioners were intended beneficiaries. Thus, but for Dorothy's alleged misdeeds, the petitioners would be clear successors in interest. They should therefore have standing to challenge Dorothy's actions.

¶ 41    Failure to afford individuals situated in this position standing would enable others to abuse their fiduciary relationship on a mere technicality. It would essentially allow an agent to change, remove, or refuse to include intended beneficiaries from a principal's account without any recourse, as the removal or omission of the intended beneficiary would thereby negate any standing the intended beneficiary would have. This simply cannot be what the Illinois legislature had in mind. Allowing the petitioners standing provides a reasonable mechanism to check the actions of the agent from those taken while a principal was alive by those individuals who can establish the principal's intention to include them. Therefore, I would reverse the decision of the circuit court and remand for further proceedings.

*In re Estate of Piton*, 2024 IL App (3d) 240051

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Du Page County, No. 22-PR-499; the Hon. Paul M. Fullerton, Judge, presiding. |
| **Attorneys for Appellant:** | Oran D. Cart and Nicole M. Anderson, of Law Offices of Oran D. Cart, LLC, of Lisle, and Daniel F. Marren, of Peter J. Latz & Associates, LLC, of Oak Park, for appellants. |
| **Attorneys for Appellee:** | Jennifer L. Friedland, of Momkus LLP, of Lisle, for appellee. |